**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| PETER MARSHALL and PATRICIA MARSHALL, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No.   SA-15-CV-496-XR |
| v. | § § | |
| DEUTSCHE BANK NATIONAL TRUST CO., | § § § § | |
| *Defendant*, | § § | |

**ORDER**

On this day, the Court considered Magistrate Judge John W. Primomo's Memorandum and Recommendation (docket no. 19), Plaintiffs Peter and Patricia Marshall's Objections (docket no. 21), and Defendant Deutsche Bank National Trust Company's Response (docket no. 22).   After careful consideration, the Court will accept the recommendation.   Defendant's Motion for Summary Judgment (docket no. 14) is granted.

**BACKGROUND**

In June 2006, Peter Marshall executed a $576,000 Texas Home Equity Note on the property located at 602 Bluff Post, San Antonio, Texas (the "Property") in favor of Long Beach Mortgage Company.   Docket no. 14-1 at 4.   That same day, Peter and Patricia Marshall (the "Marshalls") executed a Texas Home Equity Security Agreement, or deed of trust, establishing a lien on the Property.   *Id.* at 9.   Eventually, the security instrument was assigned to Defendant Deutsche Bank National Trust Company ("Deutsche Bank").   *Id.* at 30.   Deutsche Bank is the current holder of the note and the record assignee of the deed of trust.   *Id.*   Select Portfolio

1

Servicing, servicer for Deutsche Bank, is in possession of the original note.  *Id.* at 2.  The Marshalls have not made any payment on the note since May 2009.  *Id.*  Notice of default was sent to Peter Marshall on November 28, 2012, and a notice of acceleration was sent to the Marshalls on February 4, 2013.  *Id.* at 42, 48.  The default has not been cured and the Marshalls have made no attempts to pay the balance due.  *Id.* at 2.

On May 28, 2015, the Marshalls filed suit in state court in the 438th Judicial District in Bexar County, Texas.  Docket no. 1-4.  The Petition seeks to prevent a foreclosure sale of the Property by Deutsche Bank.  *Id.* at 2.  It alleges that the assignment to Deutsche Bank is void, attempts to state a cause of action for fraudulent lien and quiet title, and requests a declaratory judgment stating that Deutsche Bank "has no legal or equitable interest in the property at issue, that [it] is not entitled to enforce the power of sale of the deed of trust which encumbers the subject property, and that [it] is not entitled to payment for the subject property."  *Id.* at 3–5.

Deutsche Bank removed the case to this Court on June 16, 2015.  Docket no. 1.  It subsequently filed a counterclaim seeking judicial foreclosure on the Property and a motion for summary judgment.  Docket no. 6 at 4; docket no. 14.  Magistrate Judge John W. Primomo issued a Memorandum and Recommendation recommending the Court grant summary judgment in favor of Deutsche Bank and sanction Plaintiff's counsel, Oscar Cantu.  Docket no. 19.  The Marshalls filed Objections (docket no. 21) and Deutsche Bank filed a Response (docket no. 22).

**STANDARD OF REVIEW**

Where no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a *de novo* review of it.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  In such cases,

the Court need only review the Memorandum and Recommendation and determine whether it is either clearly erroneous or contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

On the other hand, any Memorandum and Recommendation that is objected to requires *de novo* review.  Such a review means that the Court will examine the entire record and will make an independent assessment of the law.  The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).  In this case, the Marshalls objected to the Magistrate Judge's recommendation, so the Court will conduct a *de novo* review.  Docket no. 32.

## DISCUSSION

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–52 (1986).  Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The court must draw reasonable inferences and construe evidence in favor of the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

The Marshalls' claims against Deutsche Bank were previously litigated in an earlier case before this Court. *See Marshall v. Deutsche Bank, Nat'l Tr. Co. as Tr. for Long Beach Mortg. Loan Tr. 2006-7*, Civ. Ac. No. SA-13-CA-937-OLG (W.D. Tex. July 21, 2014) ("*Marshall I*"). In *Marshall I*, Peter Marshall brought claims against Deutsche Bank essentially identical to the ones in this case. The Petition in that case alleges that Deutsche Bank has no interest in the Property because the assignment to Deutsche Bank was void. *Id.* at docket no. 1-4 at 2. It then asserts that Deutsche Bank filed a fraudulent lien, asks the Court to quiet title, and seeks a declaratory judgment stating that Deutsche Bank has no legal interest in the Property and may not foreclose or seek further payments. *Id.* at 2–3. Ultimately in *Marshall I*, Chief Judge Orlando Garcia granted summary judgment in favor of Deutsche Bank and entered an order authorizing foreclosure. *Id.* at docket no. 28.

In his Memorandum and Recommendation, Judge Primomo found that "[t]he issues which exist in the present lawsuit were addressed and resolved in favor of Deutsche Bank and against the Marshalls in *Marshall I*" and as a result, there is "no reason" to reexamine the issues and the Court "should accept the findings of the District Court in *Marshall I*." Docket no. 19 at 9. The Court agrees. For the same reasons stated in Chief Judge Garcia's July 21, 2014, Order in *Marshall I*, the Court finds that Deutsche Bank is entitled to summary judgment on the Marshalls' claims and its counterclaim for judicial foreclosure.

In their Objections, the Marshalls seem to assert that both this case and *Marshall I* were originated by Deutsche Bank. Docket no. 21 at 2. This is false. The Marshalls could have simply responded to the application for expedited foreclosure filed by Deutsche Bank in state court, but instead chose to file this separate lawsuit and delay the foreclosure process, knowing full well that this Court had already ruled on the arguments presented in the Petition and held that

Deutsche Bank was entitled to foreclose.  Additionally, the Marshalls argue that the testimony of a J.P. Morgan Chase employee from a 2009 Florida state case about mortgage assignments creates a question of material fact as to whether Deutsche Bank has the right to collect the debt that is the basis of this suit.  *Id.* at 3.  As Chief Judge Garcia noted in *Marshall I*, "even if the purported testimony is accepted as true, it is irrelevant to whether Deutsche Bank has authority to foreclose in this case" because "Deutsche Bank may foreclose as a non-note holder."  *Marshall I*, docket no. 28 at 8.  For the foregoing reasons, the Court will accept the Magistrate Judge's Memorandum and Recommendation.[1]  Deutsche Bank's Motion for Summary Judgement is granted.  The Marshall's claims for fraudulent lien and quiet title are dismissed with prejudice and Deutsche Bank is authorized to foreclose.

## CONCLUSION

The Court ACCEPTS Magistrate Judge John W. Primomo's Memorandum and Recommendation.  Defendant Deutsche Bank's Motion for Summary Judgment (docket no. 14) is GRANTED.  Plaintiffs Peter and Patricia Marshall's claims are DISMISSED WITH PREJUDICE.

It is further ORDERED that Deutsche Bank is authorized to foreclose on the Property that secures the Note, to wit:

> BEING LOT 32, BLOCK 17, NEW CITY BLOCK 17097, BLUFF VIEW ESTATES UNIT 3, AN ADDITION IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS; ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 9525, PAGES 31–33, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS,

---

[1] The Court will decline to sanction Plaintiff's counsel at this time.  However, the Court agrees with Judge Primomo's finding that this lawsuit was filed solely for the improper purpose of delaying foreclosure of the Property. Any further use of such tactics by Plaintiff's counsel shall be met with sanctions.

and which is located at 602 Bluff Post, San Antonio, Texas, 78216, pursuant to the Deed of Trust and Texas Property Code § 51.002.

Deutsche Bank is awarded costs of costs of court and must file a Bill of Costs in accordance with the local rules.   The Clerk's office is instructed to close this case.

It is so ORDERED.

SIGNED this 6th day of July, 2016.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE